**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4224**

───────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTHONY RICHARD RIVERS,

    Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:20-cr-00059-KDB-DCK-1)

───────────────

Submitted:  September 25, 2023      Decided:  November 2, 2023

───────────────

Before GREGORY and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Anthony Richard Rivers on four counts of distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Rivers below the advisory Sentencing Guidelines range to 120 months' imprisonment. On appeal, Rivers challenges his career offender designation, arguing that his prior North Carolina convictions pursuant to N.C. Gen. Stat. § 90-95(a)(1) do not qualify as controlled substance offenses after *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), for purposes of U.S. Sentencing Guidelines Manual § 4B1.2 (2021). We affirm.

"The Court considers de novo whether a prior conviction is a controlled substance offense under the Guidelines." *United States v. Miller*, 75 F.4th 215, 228-29 (4th Cir. 2023) (cleaned up). In *Miller*, we held that N.C. Gen. Stat. § 90-95(a) "is a categorical match" with the definition of a controlled substance offense in the Guidelines. *Id.* at 230-31. Thus, the district court did not err in finding that Rivers' North Carolina convictions qualified as controlled substance offenses under USSG § 4B1.2.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*